UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ATIR DADON,<br><br>    Defendant. | No. 2:17-cr-00232-GEB<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL DETENTION ORDER AND DENYING DEFENDANT'S MOTION FOR PRETRIAL RELEASE** |

Defendant Atir Dadon appeals the Magistrate Judge's following finding made under the preponderance of evidence standard: "After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven [b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." Order of Detention Pending Trial, ECF 141. Specifically, the Magistrate Judge found Defendant "lacks a stable residence," "lacks significant community or family ties to this district," and has "[s]ignificant family or other ties outside the United States." Id.

The Pretrial Services Officer in this district also recommends that Defendant be detained pending trial considering

1

his "lack of honesty and candor with Pretrial Services and the Court." Pretrial Service's Report dated October 10, 2018, at page 5. The Pretrial Services Officer states in pertinent part that "Pretrial Services has concerns given defendant's significant family ties to Israel, his bank account in Israel, and his recent international travel." Id. at 7. Pretrial Services also states it "is extremely troubled that the defendant failed to disclose significant assets to Pretrial Services at the time of his initial interview with Pretrial Services in the Central District of California on September 18, 2018." Id. This nondisclosure includes "approximately 12 additional bank accounts, one overseas bank account located in Israel . . . , [and] three additional companies (employment), with significant earnings." Id. Pretrial Services states it "is extremely concerning to Pretrial Services [that] the sheer volume of additional assets . . . were not disclosed to the Court." Id. Pretrial Service further states it "is troubled by the limited willingness" that Defendant's "friends and brother" have shown concerning posting a bond on defendant's behalf, stating that what was offered is "an amount that would [not] pose much of a financial risk." Id. This bespeaks that the referenced individuals are also concerned about the risk that Defendant might flee.

It is obvious that Defendant has shown a willingness to abandon his family and flee, and did flee when he suspected that he would be arrested. On the day the FBI arrested Dadon's co-defendant, Dadon "abandoned his wife and children and fled to an unknown location in the Los Angeles area." United States v. Dadon, 2018 WL 4693106, at *1 (E.D. Cal., Sept. 28, 2018, No.

2:17-CR-00232-GEB). Dadon refused to tell the FBI his location. This flight reveals an instinctual reaction upon Dadon's realization of the probability of his imminent arrest, and that his family's existence did prevent his flight.

Dadon's argument that he then fled because he did not want to be arrested in front of his family and neighbors is disbelieved, since he refused to tell the FBI to where he had fled and that he was willing to surrender elsewhere. It appears he only surrendered himself to the custody of the United States Marshal in the Central District of California after he received assurance from his attorney that he would be released on bond and did not have tell the court about all his assets.

The record reveals that Dadon only disclosed his full assets after he was caught concealing most of them. This nondisclosure undermines Dadon's veracity, and does not weigh in his favor when determining whether he can be trusted when he indicates he will not flee. It is appalling and pellucid that Defendant grossly misrepresented his assets in his initial Pre-Trial Services interview with the Pretrial Service Office in the Central District of California. Defendant's evident "dishonesty and ties [to] [Israel] provide[s] an ample basis for denying his bail request." United States v. Cerizo, 542 Fed.Appx. 641, 642 (9th Cir. 2013). As the United States asserts concerning Defendant's failure to be truthful about his assets, he "either deliberately deceived Pretrial Services on his own initiative or did so without hesitation at the advice of another. His lack of resistance to taking such a path does not augur in his favor, even if one assumes the truth of his current claim that he was

1 | not the idea's originator." Gov't's Opp. at 2:20-24, ECF 152.

Based on the factors in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, Defendant is detained pending trial because the Government has proven by a preponderance of evidence that no condition or combination of release will reasonably assure the defendant's appearance as required.

Dated: November 2, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge