1   PETER KMETO
    Attorney at Law
2   State Bar #78827
    1001 G Street, Suite 205
3   Sacramento, CA 95814
    (916)444-7420; FAX: (916) 914-2357
4   email: pkmeto@sbcglobal.net

5   Attorney for Defendant: ATIR DADON

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF CALIFORNIA

8   UNITED STATES OF AMERICA,        CASE NO. NO. CR-S-17-00232 GEB

9              Plaintiff,            STIPULATION AND PROPOSED ORDER
                                     CONTINUING STATUS
10  vs.                             CONFERENCE DATE

11  ATIR DADON ET. AL.,

12             Defendants.

13

14         Defendant: ATIR DADON, through his attorney, PETER KMETO, his co-

15  Defendants: BAR SHANI, ADAM ATARI, RAZ RAZLA, and  ERAN BUHBUT,

16  represented by attorneys: CLYDE BLACKMON, BRETT GREENFIELD,  GEORGE

17  MGDESYAN  and RANDY SUE POLLOCK , respectively; the United States of America,

18  through its attorneys of record, MATTHEW YELOVICH and  MIRIAM HINMAN, stipulate

19  and agree to the following:

20         /// ///

21                              1

1. The presently scheduled Status Conference date of January 11, 2019 shall be vacated, and said Hearing shall be rescheduled for February 22, 2019 at 9:00 a.m. for further status.

2. Time will be excluded under Local Rule T4.

3. The parties agree and stipulate, and request that the Court find the following:

a. On October 5, 2018 the government provided defendants with discovery consisting of over 25,745 pages. On December 20, 2018 the government provided defendants with an additional 23,263 pages of discovery;

b. Defense counsel require time to: complete a review of the discovery; research legal issues; conduct investigation related to the charges; discuss potential resolutions with their clients and the government; and prepare pretrial motions.

c. Counsel for the Defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served, by continuing the case as requested, outweigh the interest of the public and the Defendants in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2019  to February 22nd, inclusive, is deemed excludable pursuant to 18

U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at Defendants' request on the basis of the Court's finding that the ends of justice served by taking such action, outweigh the best interest of the public and the Defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: __January 8, 2019__      /s/ MATTHEW YELOVICH
                               Assistant US Attorney
                               for the Government

Dated: __January 8, 2019__      /s/ MIRIAM HINMAN
                               Assistant US Attorney
                               for the Government


Dated: __January 8, 2019__      /s/ PETER KMETO
                               Attorney for Defendant
                               ATIR DADON

Dated: __January 8, 2019__      /s/ CLYDE BLACKMON
                               Attorney for Defendant
                               BAR SHANI

Dated: __January 8, 2019__      /s/ BRETT GREENFIELD
                               Attorney for Defendant
                               ADAM ATARI

Dated: January 8, 2019        /s/ GEORGE MGDESYAN
                              Attorney for Defendant
                              RAZ RAZLA

Dated: January 8, 2019        /s/ RANDY SUE POLLOCK
                              Attorney for Defendant
                              ERAN BUHBUT

## ORDER

UPON GOOD CAUSE SHOWN and the stipulation of the parties IT IS ORDERED that the STATUS CONFERNCE HEARING FOR Defendants ATIR DADON, BAR SHANI, ADAM ATARI, RAZ RAZLA, and ERAN BUHBUT is continued to February 22nd 2019, as set forth above.  Furthermore, IT IS FOUND AND ORDERED that, based on the representations made by defense counsel in this stipulation, the ends of justice served by excluding the specified time outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.   Therefore, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2019 to February 22, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A),

4

B(iv) [Local Code T4] because the factual bases above results in the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: January 10, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge